IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| COLIN ORSACK | § | |
| v. | § | CIVIL ACTION NO. 9:08cv196 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Colin Orsack, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Orsack was charged with making an unauthorized commodity exchange, in that he was accused of accepting a payment of $100.00 from the wife of a fellow inmate, Harold Cope, in exchange for doing legal work. He does not deny receipt of the money, but furnishes an affidavit from Cope's wife saying that the money was "considered a gift." As punishment for the offense, Orsack received a reduction in classification status, 45 days of cell and commissary restrictions, the loss of 30 days of good time, and a hold was placed on the $100.00 deposit. Orsack acknowledged that he is not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that Orsack had failed to show the deprivation of a constitutionally protected liberty interest and that his claim concerning the loss of the money was not cognizable in habeas corpus; even if it were, the Magistrate Judge said, Orsack did not show a denial of due process because a meaningful state post-deprivation remedy existed.

1

The Magistrate Judge also recommended that Orsack be denied a certificate of appealability *sua sponte*.

Orsack filed objections to the Magistrate Judge's Report on November 26, 2008. In his objections, Orsack complains that the 30 days of good time which he lost did create a protected liberty interest because it "added 30 days to his sentence," and because the Texas prison system gives an automatic set-off to "the privilege of parole;" plus, he says, he was demoted in his time-earning classification status. He says that if the State authorizes good time credits, then these credits represent a "state-created liberty interest," requiring certain due process protections before they can be forfeited. Orsack complains that he was denied the right to call witnesses, denied equal protection because Cope received a lesser punishment than he did, he was subjected to cruel and unusual punishment because he was punished without any evidence, and the post-deprivation remedy to which the Magistrate Judge referred is not applicable because Orsack is not seeking any punitive or monetary damages, but only "proper application of due process." Specifically, he says that counsel should be appointed for him and that the disciplinary case should be expunged, the classification status and good time restored, the hold on the $100.00 released, and he be granted 560 days of good time credits which he would have earned but for the loss of classification status.

Orsack's objections fail to show that he has been deprived of a constitutionally protected liberty interest. As the Magistrate Judge correctly observed, Orsack is not eligible for mandatory supervision, and so good time credits apply only to eligibility for parole. However, there is no constitutional right to release on parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Orsack's contention that the loss of 30 days of good time credits "adds 30 days to his sentence" is simply incorrect; under Texas law, good time credits simply accelerate eligibility for release on parole or mandatory supervision. Tex. Gov. Code, §498.003(a). Because the loss of these good time credits affects only Orsack's parole eligibility, no protected liberty interest is implicated.

Nor does Orsack have any protected liberty interest in his time-earning classification status. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Orsack has failed to show the violation of a constitutionally protected liberty interest and so his claim for habeas corpus relief is without merit.

Although Orsack disclaims any intent to seek monetary damages, he asks that the $100.00 hold be lifted from his account. As the Magistrate Judge correctly concluded, such a request fails to show the denial of due process because of the availability of post-deprivation remedies, even were this request cognizable in habeas corpus at all. None of Orsack's arguments show that he is entitled to habeas corpus relief and his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's pleadings, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Colin Orsack is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **20** day of **December, 2008.**

_____
Ron Clark, United States District Judge